The matter before us is Appellant-Cross Appellee Lariat Companies, Inc.'s ("Lariat") Motion for Rehearing and Alternative Motion for Stay of Mandate. For the reasons that follow, we deny both Lariat's motion and its alternative motion.
As Lariat notes in its motion, "[t]he purpose of a petition for rehearing ... is to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different *340 result." Yankton Sioux Tribe v. Podhradsky , 606 F.3d 985, 990 (8th Cir. 2010) (citations omitted).
Lariat argues we departed from the issues briefed by the parties, which in turn led us to commit three reversible errors. We disagree.
In her brief,[1] Debtor argued her liability under the Minnesota Uniform Fraudulent Transfer Act was derivative of her spouse's liability to Lariat[2] and Lariat was only entitled to recover from her the lesser of the value of the assets transferred from Debtor's spouse to Debtor or the amount necessary to satisfy Lariat's underlying claim against Debtor's spouse. This was the issue presented to us, and this was the issue we decided in Debtor's favor.
The amount necessary to satisfy Lariat's underlying claim was not at issue: The bankruptcy court found Debtor's spouse had paid the full amount of Lariat's claim against him, and Lariat did not challenge that finding. Consequently, while Debtor may have muddled the issue somewhat with her separate (and wholly unnecessary) argument that Lariat's acceptance of Debtor's spouse's check in payment of Lariat's claim against him constituted an accord and satisfaction, we simply applied the undisputed facts to the issue presented.
As for our perceived errors, Lariat first argues the state court rejected Debtor's argument that her spouse's bankruptcy discharge effectively eliminated Lariat's claim against her and denied her request to vacate the fraudulent transfer judgment against her.[3] This was not Debtor's argument on appeal: In her brief, Debtor clearly stated she did not claim her spouse's discharge eliminated Lariat's claim against her. Nor was it the issue we addressed: We did not discuss-much less rely on-Debtor's spouse's discharge in reaching our conclusion.
Lariat next suggests the discharge of a fraudulent transferor in bankruptcy does not discharge or otherwise exonerate a fraudulent transferee of her liability arising from the fraudulent transfer. We did not hold otherwise.
Finally, Lariat suggests 11 U.S.C. § 502(b)(6), upon which the bankruptcy court relied to "cap" Lariat's claim against Debtor's spouse in his bankruptcy case, confers no benefit on Debtor in her bankruptcy case. Again, we did not hold otherwise. We specifically declined to address this issue, because it was unnecessary to do so in light of our holding that Lariat no longer had a claim against Debtor. And we see no good reason to revisit our decision not to address it.
With respect to its alternative motion, Lariat has not demonstrated there is a fair prospect it will prevail on the merits, it is likely to suffer irreparable harm in the absence of a stay, or the balance of the equities, including the public interest, warrants the imposition of a stay. See John Doe I v. Miller , 418 F.3d 950, 951 (8th Cir. 2005) (citations omitted).
*341 For all these reasons, we deny both Lariat's motion for rehearing and its alternative motion for stay of mandate.

The relevant portion of Debtor's brief is headed, "APPELLANT'S CLAIM HAS BEEN PAID IN FULL AND IS NOT ENFORCEABLE AGAINST THE APPELLEE." (Emphasis added.)

While Lariat seems to believe otherwise, we see no meaningful distinction between Debtor's description of her liability to Lariat as derivative of her spouse's liability to Lariat and our description of Debtor's spouse's liability to Lariat as a "predicate claim."

Lariat suggests we may have been unaware of the state court's decision. This is true, because neither Lariat nor Debtor called this decision to our attention or suggested it had any bearing on this appeal.